## Huston Estate.

Argued November 21, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis J. Gafford,* Deputy Attorney General, with him *David R. Monroe,* Counsel, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Edwin M. Buchen,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1967:

This case involves the construction of §316 of the Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P. L. 373, 72 P.S. §2485-316. That section provides in pertinent part: "Payments under pension, stock-bonus or profit-sharing plans, to distributees designated by decedent or designated in accordance with the terms of the plan, other than the estate of the decedent, are exempt from inheritance tax to the extent

that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payments so made . . . ."

The facts of this case are set forth at length in the thorough opinion of the Orphans' Court of York County, per Judge KOHLER. It is sufficient, we believe, merely to state that decedent was a retired employee who, under the provisions of a profit-sharing trust created and entirely funded by her employer, was entitled to receive the retirement benefits therein provided for her in monthly payments, until entirely distributed. Under the terms of the trust, she had the right to name a beneficiary to whom the balance of her share of the fund would be distributed in the event of her death prior to total distribution. The decedent died before receiving her full share, and the Commonwealth seeks to tax the balance of her interest in the fund which was paid at her death to her beneficiary in accordance with the plan. The sole issue is whether such payment is exempt from inheritance taxation under §316 of the 1961 Act, supra.

The Commonwealth first argues that because the decedent had a vested interest in the fund allocated to her, it was her property, and although decedent did not have the right to possess, assign or anticipate the unpaid balance of the fund during her lifetime, she did have the ownership of it. The Commonwealth claims that since decedent "owned" the fund, it passed on her death to her beneficiary as part of her estate and, as such, is subject to the inheritance tax. We do not agree.

The leading case discussing taxation of the benefits of pension plans is *Dorsey Estate,* 366 Pa. 557, 79 A. 2d 259 (1951), which as Judge KOHLER's opinion states, "involved an employee participant in a profit-sharing plan who had made certain contributions dur-

ing his lifetime and his employer had done likewise. On his death the accumulations from both sources were payable to the beneficiary designated by the employee. There was no dispute as to the contributions made by the employee, but as to the employer's it was argued that the decedent was merely exercising a power of appointment over that portion of a share of the fund. In rejecting such contention, the Court emphasized that the employee had a right to withdraw in his lifetime the total amount of the fund credited to him. Therefore, said the Court, 'he had, in any event, substantial ownership of his entire share of the fund and accordingly, in transferring it to the beneficiary designated by him he was transferring not only his own property to the extent that it represented contributions from his salary, but also *his own property* to the extent that it represented his proportionate share of the Company's contributions, and therefore he was not in any wise acting merely as the donee of a power of appointment'." *Dorsey,* the lower court pointed out, was decided under the Inheritance Tax Act of 1919, which contained no exemption provisions comparable to §316 of the 1961 Act. And therein lies the solution to the Commonwealth's problem. The lower court stated that §316 "subjects to tax employment benefits wherein the employee may enjoy, assign or anticipate benefits before death, or would have had such proprietary rights upon termination of employment prior to death." In this case, decedent had no such rights in the unused portion of the fund, and the exemption of §316 applies. The only interest decedent had during her lifetime in the unused balance of her fund was the right to designate a beneficiary. Such a right is not regarded as a taxable event under these circumstances.

The Commonwealth further argues that even though decedent had no right to possess, assign or anticipate the fund during her lifetime, she did have the right to

enjoy it, subject to those restrictions, and the fund, therefore, was removed from the exemption provision of §316. Again, the Commonwealth is mistaken. The term "enjoyment" or "enjoy" as used in statutes relating to estate taxes connotes substantial present economic benefit. *Commissioner of Internal Revenue v. Estate of Holmes,* 326 U.S. 480 (1946) ; *Estate of Mc-Nichol v. Commissioner of Internal Revenue,* 265 F. 2d 667 (3d Cir. 1959). Clearly, during her lifetime, decedent could receive no such benefit from the fund here in question. Accordingly, she did not enjoy the fund, and the Commonwealth's attempt to equate enjoyment with ownership must fail.

The function of this Court is to interpret the Act of 1961 as the legislature intended. Any quarrel the Commonwealth has with the clear meaning of §316 must be directed not to the judiciary but to the General Assembly. The comment of the Joint State Government Commission to §316 is that it conforms with existing law. This is true inasmuch as in the cases cited by the Commonwealth sustaining the imposition of inheritance tax upon employment benefits, clear distinctions exist between the benefit at issue and that envisioned by §316 : In *Dorsey Estate,* supra, there were no restrictions on the right of the employee to withdraw all of his fund after only five years of service rather than only upon separation of service; in *Hoelzel Estate,* 101 Pitts. L.J. 77 (1952), it does not appear that the fund contained any restrictions upon the employee's right to assign or anticipate his benefits; in *Cameron Estate,* 8 Fiduc. Rep. 195 (Allegheny Co. 1958), the employee's rights were assignable; in *Eastlack Estate,* 9 Fiduc. Rep. 303 (Phila. Co. 1959), although the employee's share was expressly exempted from attachment or sequestration and was not subject to assignment, the participant did not have to wait until retirement to gain the use of his fund but was en-

titled to its enjoyment after only four years of service. In the only case cited in the comment in which no tax liability was found, *Burke and Enbody Estates,* 3 Fiduc. Rep. 344 (Phila. Co. 1953), the employee was not able to assign, anticipate or borrow upon a fund composed entirely of employer contributions. Clearly, the *Burke and Enbody* case, more than any other evidences that §316 conforms with existing law. The comment further cites the opinion of the Department of Justice, dated November 14, 1955, reported in 6 Fiduc. Rep. 93 (1955), which concluded that an undistributed fund was subject to inheritance taxation even though the employee could not use the funds until his separation of service from the employer. In the instant matter, decedent was not entitled even upon separation of service to use the undistributed portion of the fund. It is interesting to note that the opinion concludes that ". . . if it is desirable to favor such plans for the benefit of employes and their heirs, as is intimated by the court in the Enbody and Burke cases, then it must be done by appropriate legislation specifically exempting them from taxation." (6 Fiduc. Rep. 98).

In a nutshell, §316 exempts from taxation those employment benefits which the employee did not have the right to enjoy during his lifetime. Since decedent lacked the right to enjoy in any manner the undistributed portion of her share of the fund, and since the Commonwealth concedes that she had no right to possess, assign or anticipate her portion during her lifetime, that sum is exempt from the Pennsylvania inheritance tax.

Decree affirmed at appellant's cost.