## Williams Estate

*Avra N. Pershing, Jr.* and *Dominic Ciarimboli,* for appellant.

*Edgar T. Hammer, Jr.,* for Commonwealth.

COPELAND, P. J., February 3, 1969.—Decedent, Eugene T. Williams, died June 19, 1968. He was a member of the Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co. Decedent's wife was named beneficiary of this fund. At the time of decedent's death the total value of the proceeds received by the widow was $91,835.48.

Both decedent and the company contributed to the fund, and decedent during his lifetime had certain rights of withdrawal from the fund. The Commonwealth has assessed transfer inheritance tax on the whole fund. The record indicates that the Commonwealth is relying on the decision in Dorsey Estate, 366 Pa. 557. An appeal from this assessment is taken to the court.

Prior to the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 PS §2485-316, there was no statutory provision dealing expressly with employment benefits. Dorsey Estate, supra, was decided under the Act of June 20, 1919, P. L. 521. In that case the court held that decedent had certain rights of withdrawal of his account and had the right to designate a beneficiary at his death and therefore held that these possessory rights made the fund his own property and, therefore, subject to transfer inheritance tax. Dorsey Estate was decided in 1951.

The Inheritance and Estate Tax Act of June 15, 1961, supra, contained the following provision consistent with the decision in Dorsey Estate, supra.

"Payments under pension, stock-bonus or profit-sharing plans, to distributees designated by decedent or designated in accordance with the terms of the plan, other than the estate of the decedent, are ex-

empt from inheritance tax to the extent that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payments so made. The proceeds of life insurance otherwise exempt under section 303 shall not be subject to inheritance tax because they are being paid under a pension, stock-bonus or profit-sharing plan. . . ."

Under this act the case of Huston Estate, 423 Pa. 620 (1967) was decided. In this case the test of taxability was not to be found the decision in Dorsey Estate, but was to be found only in the statute. The right to name a beneficiary was held not to be a right to "enjoy" and did not connote present economic benefits, and did not remove the fund from the exception of section 316.

In 1967 the amendment to section 316 of the Inheritance and Estate Act was passed, effective January 20, 1968, and that section now reads as follows (act no. 451):

Section 316. Employment Benefits. "Payments under pension, stock-bonus, profit-sharing and retirement annuity plans, to distributees designated by decedent or designated in accordance with the terms of the plan, other than the estate of the decedent, are exempt from inheritance tax to the extent that deceden before his death did not otherwise have the right to possess (including propriety rights at termination of employment), enjoy, assign or anticipate the payments so made, *and, whether or not the decedent possessed such rights, in addition to the above exemption, such payments are also exempt from inheritance tax to the same extent as such payments are exempt from Federal estate tax under the provisions of the Internal Revenue Code of 1954, as amended, any supplement thereto, or any similar provision in effect from time to time for Federal estate tax purposes.* The pro-

ceeds of life insurance otherwise exempt under section 303 shall not be subject to inheritance tax because they are being paid under a pension, stock-bonus, profit-sharing or retirement annuity plan." (Italics supplied.)

It has been determined that the Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co. is a "qualified plan" under section 401 (a) of the Internal Revenue Code as amended.

The Federal estate tax exemption of those proceeds of the fund attributable to the employer's contributions is also determined under section 2039 (c) of the Internal Revenue Code. These matters appear from the rules and regulations of the fund and from the statement of the company offered in evidence.

Under section 2039 (c), there is excluded from the gross estate of decedent the part of the fund which has been contributed by the employer.

Section 2039 (c) provides in part, that there is no exemption from estate tax of such amounts as "are attributable to any extent to payments or contributions made by the decedent, no exclusion shall be allowed for that part of the value of such amounts in proportion that the total payments or contributions made by the decedent bears to the total payments or contributions made. For purposes of this subsection, contributions or payments made by the decedent's employer or former employer under a trust or plan described in paragraph (1) or (2) shall not be considered to be contributed by the decedent. . . ."

On the basis of the calculation offered in evidence, the court finds that the share of the fund attributable to decedent was $32,730 and this amount is subject to Pennsylvania Inheritance Tax.

The balance of the fund in the amount of $59,105.48, attributable to the employer of decedent, on the basis

of act 451 of 1967 and the provisions of sections 401 and 2039 of the Federal Internal Revenue Code, is not taxable for Pennsylvania Inheritance Tax.

DECREE

And now, to wit, February 3, 1969, it is ordered and decreed that $59,105.48 of the proceeds of the fund payable to decedent's widow, Phyllis Jane Williams, from the Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co., is not taxable for Pennsylvania Inheritance Tax. The appeal from the assessment is therefore sustained.