### Wright Estate

*Robert S. Englesberg,* deputy attorney general, for the commonwealth.

*Robert S. Bailey,* for estate.

WALKER, *J.,* July 6, 1988 — This is an appeal from assessment of inheritance taxes in the estate of E. Marion Wright in what appears to be a novel issue under the inheritance tax laws of this commonwealth. At the time of her death on June 20, 1986, decedent was the owner of an Individual Retirement Account in the name of decedent with the Lincoln Trust Company as custodian. The IRA is valued at $28,385.68. Under the terms of the agreement with the custodian, upon the death of the decedent with the account still in existence, the proceeds were to be paid in equal shares to the decedent's four surviving children. Whether this IRA is taxable in the estate of decedent depends upon a construction of 72 Pa.C.S. §1711(r).

As to decedent's dying in 1984 or earlier, the account would clearly be exempt from taxation under the second sentence of section 1711(r). That sentence provided:

"In addition to this exemption [the specific exemption that will be considered further], whether or not the decedent possessed any of these rights, the payments are exempt from inheritance tax to the same extent that they are exempt from federal estate tax under the provisions of the Internal Revenue Code of 1954 as amended, any supplement to the code, or any similar provision in effect from time to time for federal estate tax purposes . . . ."

Until 1984, IRAs were exempt from taxation under the federal estate tax laws, and thus, under the second sentence of section 1711(r) were exempt

from state taxation irrespective of any of the rights of the decedent as to the fund. On July 18, 1984, Congress adopted Pub.L.98-369 which, in effect, removed the federal estate tax exemption for IRAs as to decedents dying after December 31, 1984. As a result we must now look at the specific first sentence of section 1711(r) for guidance as to the exempt status of this IRA.

That sentence provides that a transfer is not subject to inheritance tax if it qualifies under the following definition:

"(r) *Employment Benefits* — Payments under pension, stock bonus, profit sharing and other reitrement plans including, but not limited to, H.R. 10 plans, individual retirement accounts, individual retirement annuities and individual retirement bonds to distributees designated by decedent or designated in accordance with the terms of the plan are exempt from inheritance tax to the extent that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payment made."

In the instant case decedent at the time of her death was 69 years of age and clearly had the right to withdraw all or any part of the IRA without penalty. She, therefore, did have the right to possess, enjoy, assign or anticipate the funds in the IRA account.

The estate attempts to place special emphasis on the words "did not otherwise have the right." It is argued that since a person always has the right to withdraw funds from an individual retirement account, the whole exemption becomes illusory if read literally. It is true that under general law, any per-

son has the right to withdraw the funds in their IRA account albeit if done before the age of 59 and one-half years with some penalty under the Internal Revenue Code. To assume that the legislature in drafting this legislation considered that fact might be to ascribe more logic to the legislature than it sometimes exercises. The plain language of section 1711(r) provides that if a decedent had the right to possess the funds during his or her lifetime, it becomes taxable. We should not ignore the plain language of a statute in pursuit of some supposed legislative intent, 1 Pa.C.S. §1921(b).

The commonwealth in its brief calls our attention to regulations promulgated by the Department of Revenue. At 61 Pa. Code 93.131(d)(2) we find a reference to the particular problem with which we are faced:

"(2) *Exceptions* — (i) [r]ights under a plan which would subject the plan's payments to the tax include but are not limited to (A) right to withdraw benefits including the right to withdraw only upon payment of a penalty or additional tax if the penalty or additional tax is smaller than 10 percent of the withdrawal."

The decedent in this case was 69 years of age and thus could have withdrawn the funds at any time without federal tax penalty. The commonwealth would have us work in reverse from the above-quoted exception on the theory that the regulation which provides that a withdrawal with less than a 10 percent penalty subjects the benefit to tax. Whether the department has the right to make a determination that a 10 percent or higher penalty in effect means that the decedent did not have the right to withdraw the funds is a question that can be postponed to a later day and need not be answered

in this case. We would express some doubt as to whether, once the legislature provided that the right to withdraw made something taxable, the department could by regulation provide that a right to withdraw was not a right to withdraw if a certain penalty was imposed upon the withdrawal.

While there are no appellate cases directly in point as to the issue in this case, we believe that *Estate of Ravdin*, 484 Pa. 562, 400 A.2d 591 (1979) gives us some guidance. In that case, decedent was 49 years of age at death and was a participant in a "Keogh plan" in a medical partnership. The commonwealth attempted to tax the value of the Keogh plan and the Supreme Court sustained the estate's position that it was not taxable. Justice Pomeroy, in that decision after reviewing the history of inheritance taxation of employee benefits, retirement plans and the like, found that the funds under consideration were exempt from taxation under the then-existing Pennsylvania Inheritance Tax Act of 1961, 72 P.S. §2485-316, the predecessor statute to 72 Pa.C.S. §1711(r). There the court said:

"Under the Act of 1919 as construed in the cases cited in Note 4, *supra,* the following propositions emerge:

"(1) if a Pennsylvania citizen would escape the imposition on his death of a transfer inheritance tax on his interest in a retirement plan in which he was a party, such person in his lifetime must not have had the legal right to obtain the entire fund;

"(2) the only enjoyment the prospective decedent might have in the fund and yet not have it taxed as a transfer at death must be limited to receipt of a regular monthly retirement payment; and

"(3) the decedent may have exercised a power to

designate a beneficiary without incurring tax liability . . .

"When the Act of 1919 was repealed and replaced by the Inheritance and Estate Tax Act of 1961, P.L. 373, 72 P.S. §2485-101 et seq. (the 1961 Act), the law established by the line of cases under the 1919 Act discussed above was codified by the inclusion of section 316." 484 Pa. at 566-7, 400 A.2d at 593-4.

In like manner, section 1711 codified old section 316 and *Ravdin Estate*. See Source and Comment — 1982 under section 1711. *Ravdin* went on to hold that annuities such as individual retirement accounts purchased by an individual as opposed to an employer were within the purview of section 316 and, of course, have now been specifically included in section 1711. *Ravdin* also holds that it is the degree of dominion that the owner has over the fund in his lifetime that is the touchstone of a decision as to its taxability. The court said:

"The test we adopted in *Huston Estate, supra*, [423 Pa. 620, 225 A.2d 243 (1967)], is still sound, namely, whether the decedent in his lifetime had a 'substantial present economic benefit' in the funds which were to pass on his death to the designated beneficiary. In the case at bar, Dr. Ravdin had no substantive present economic benefit." 484 Pa. at 571, 400 A.2d at 596.

In the instant case, decedent had all of the present economic benefit simply by a scratch of the pen. We must conclude that the commonwealth is correct in including the IRA account within the decedent's gross estate.

## ORDER

And now, July 6, 1988, the appeal from the assessment of tax filed by the estate is dismissed.